UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SYLVIA HOLLINS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 08-CV-2292 |

**OPINION**

Petitioner, Sylvia Hollins, filed a letter with the court on December 2, 2008, that was construed by this court as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). On January 15, 2009, the government filed a Motion to Dismiss the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#4). For the following we reasons, we GRANT the government's Motion to Dismiss (#4) and DISMISS Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1).

BACKGROUND

On July 16, 2007, in open court, Petitioner plead guilty in 07-CR-20006 to one count of distribution of five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Based on a prior felony drug conviction Petitioner faced a minimum sentence of 10 years in prison and a maximum sentence of life in prison. In order to receive a lesser sentence, the Petitioner agreed, in paragraph 15 of the Plea Agreement, to cooperate with the government. In the Plea Agreement Petitioner waived her right to collaterally attack her sentence under 28 U.S.C. §

2255. Paragraph 26 of the Plea Agreement stated:

> "The defendant also understands that she has a right to attack her sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, she received ineffective assistance from her attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and her attorney have reviewed Section 2255, and the defendant understands the rights that statute gives [her]. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice her attorney has given her one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward deviation as set forth above, the defendant hereby knowingly and voluntarily waives her right to challenge any and all issues relating to her plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to

completely waive any and all rights and ability to appeal or collaterally attack any issues relating to her conviction and to her sentence so long as the sentence is within the maximum provided in the statutes of conviction."

Under oath and in open court Petitioner stated and the court determined that the guilty plea, including the waiver of appeal and collateral attack, were knowingly and voluntarily made. In addition, the Plea Agreement, in Paragraph 27, contained a provision where Petitioner specifically stated that she had not been threatened or coerced into waiving her right to collateral attack and that, rather, she waived that right in order to receive the benefit of concessions made by the government. On November 19, 2007, Petitioner received the benefit of her bargain when she was sentenced to 92 months in the Federal Bureau of Prisons, which was below the 120 month statutory mandatory minimum. The sentence was based on a motion made by the government pursuant to 18 U.S.C. § 3553(e).

On December 2, 2008, Petitioner sent a letter to the court that was construed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). In that Motion Petitioner contended that certain "ex-felonies" that were expired were putting "points" on her current sentence and were adversely effecting her conditions of incarceration in federal prison. This court entered an Order (#8) on December 8, 2008, advising Petitioner that her Motion (#1) would be construed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The court gave Petitioner 30 days to either (1) withdraw her motion or (2) amend her motion to include all claims that she believes she has. Petitioner failed to withdraw the motion or file an amended motion within the 30 days. The government filed its Motion to Dismiss (#4) on January 15, 2009, arguing that the court need not consider the merits of Petitioner's Motion (#1) because it is barred by her previous

waiver of the right to file a motion pursuant to § 2255.

ANALYSIS

As a general rule, the Seventh Circuit has held that the right of collateral attack can be voluntarily waived in a plea agreement by a defendant. Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). If one has waived the right to collateral attack in a plea agreement, a collateral attack may only be mounted pursuant to § 2255 with respect to those claims which relate directly to the negotiation of the waiver. Jones, 167 F.3d at 1145. The Seventh Circuit has written:

> "Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself- the very product of the alleged ineffectiveness. To hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation. Similarly, where a waiver is not the product of the defendant's free will- for example, where it has been procured by government coercion or intimidation- the defendant cannot be said to have knowingly and voluntarily relinquished his rights."

Jones, 167 F.3d at 1145.

In the instant case, it is clear from the record and Plea Agreement that Petitioner knowingly and voluntarily relinquished her right to collaterally attack her sentence. Further, she does not allege any ineffectiveness on the part of her counsel in the negotiation of the guilty plea or waiver of the right to collateral attack. As a result, the government's Motion to Dismiss (#4) must be GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) The government's Motion to Dismiss (#4) is hereby GRANTED and the Petitioner's

Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DISMISSED.

(2) This case is terminated.

ENTERED this 26th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE